CIVIDANES, DEMANDANTE-APELADO-APELANTE, *v.* A. HARTMAN & CO., DEMANDADA-APELANTE-APELADA.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 2462.—Resuelto en abril 24, 1922.

ARRENDAMIENTO—MEJORAS INTRODUCIDAS POR EL ARRENDATARIO DESAHUCIADO.— Un arrendatario que ha sido condenado en pleito de desahucio por falta de pago no tiene derecho a reclamar del arrendador el valor de las cercas puestas por aquél a la finca cuando fué convenido que las mejoras que en la finca introdujese el arrendatario " * * * quedarían a favor del arrendador al vencimiento de este contrato."

ID.—CAÑAS VENDIDAS, TOCONES VENDIDOS.—Un arrendatario que como consecuencia del desahucio de que fué objeto cobró el valor de las plantaciones de cañas existentes al entregar la finca, no tiene derecho a reclamar el valor de los tocones de dichas plantaciones pues las cañas y su pie, que es el tocón cuando aquéllas son cortadas, eran entonces una sola cosa cuyo valor fué pagado.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. C. Domínguez Rubio.*

Abogados de la demandada: *Sres. M. A. Martínez* y *T. Bernardini.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

A. Hartman & Co. pagó a Manuel Cividanes el valor de las cañas que éste tenía sembradas en una finca al desocuparla como consecuencia de una sentencia recaída en juicio de desahucio del primero contra el segundo, y ahora Manuel Cividanes por sí y como administrador judicial del intestado de Rufina Molinari demanda a A. Hartman & Co. para que le pague el valor de las cercas puestas por el demandante en la finca y el de los tocones de las cañas sembradas en ella,

ascendentes ambas partidas a $1,458. Se opuso el deman-
dado a esa reclamación y celebrado el juicio la corte condenó
a la demandada a pagar al demandante por ambos conceptos
la cantidad de $540, contra cuyo fallo las dos partes litigantes
establecieron este recurso de apelación que han sometido a
nuestra decisión con una exposición del caso.

Como el fundamento del recurso de la demandada es que
no tiene obligación de pagar cantidad alguna por las recla-
maciones que se le hacen consideraremos esta cuestión en
primer término, pues si tiene razón no habrá necesidad de
examinar la prueba para decidir si el demandante tiene de-
recho a recobrar mayor cantidad que la que la sentencia le
concede, que es el único motivo de su apelación.

El demandante tenía en arrendamiento cierta finca de la
demandada y antes de vencerse el término del mismo fué lan-
zado de ella como consecuencia de una sentencia dictada con-
tra él en juicio de desahucio. Una de las estipulaciones del
contrato escrito de arrendamiento dice así:

"El arrendatario podrá destinar la finca arrendada a los fines
y cultivos que estime convenientes, y todas las mejoras que en dicha
finca introdujese quedarán a favor del arrendador, al vencimiento
de este contrato."

A pesar de que no hay discusión respecto a que las cercas
que hayan sido puestas en la finca por el arrendatario cons-
tituyen una mejora de la finca y que según el contrato de
arrendamiento las mejoras habrán de quedar a beneficio del
dueño, la corte sentenciadora condenó al dueño a pagar el
valor de dichas cercas fundándose en que al dar el arrenda-
dor por terminado el contrato por su propia voluntad re-
nunció a todos los derechos que el contrato le concede por
lo que el arrendatario ha de beneficiarse con todo derecho
renunciado por la otra parte.

El fundamento único de la condena de pagar el valor de
las cercas descansa en la premisa errónea de que el arren-

dador dió por terminado el contrato por su propia voluntad antes de su vencimiento, cuando lo cierto es que tuvo que demandar en desahucio a su arrendatario porque no pagó el precio convenido, según dice el juez de la corte inferior al fundar su sentencia. Por esto no tenemos que decidir cuáles serían las consecuencias legales si el arrendador por su propia voluntad hubiera dado por terminado el contrato, y de acuerdo con esto no está obligado a pagar esa mejora.

La otra condena de pagar el valor de los tocones también es errónea porque en el momento de desocupar la finca el arrendatario no existían tales tocones independientemente de las cañas en pie. Las cañas y su pie, que es el tocón cuando aquellas son cortadas, eran entonces una sola cosa cuyo valor fué pagado.

Lo que hemos dicho resuelve también la apelación del demandante.

La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda, sin especial condena de costas.

> *Revocada la sentencia apelada y dictada una nueva declarando sin lugar la demanda, sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.